## Case No. 7,786.

### KING v. ACKERMAN.

[N. Y. Times.]

Circuit Court, S. D. New York. ·Sept. 17, 1860. [1]

WILLS — DEVISE — NATURE OF ESTATE — FEE BY ·IMPLICATION.

[1. A devisee takes a fee by implication upon the mere possibility of his suffering loss by reason of being charged personally with the payment of legacies.]

[See note at end of case.]

[2. Evidence as to the valuation at the time of making the will, and at the testator's death, of real property expressly devised in fee, is not admissible to rebut the implication that the devisee takes a fee in another devise in respect to which he is charged with the payment of legacies, and subject to the possibility of loss.]

[See note at end of case.]

[3. A devise for life to testator's wife, then to his son, passes the fee, by implication, to the son.]

[Action of ejectment by Maria B. King against Richard Ackerman.]

Mr. Ireland and Cutler, Bronson & Bidwell, for plaintiff.

Mr. Ketchum and Mr. O'Conor, for defendant.

NELSON, Circuit Justice. This is an ejectment to recover an undivided sixth part of a parcel of land described as the "homestead," in the will of Lawrence Benson, and situate at Harlem, in the Twelfth ward of the city·of New York. The testator died leaving a son, Benjamin L. Benson, and three grandchildren, the children of a daughter, Susan, the wife of Rev. Dr. Milldeoler. By his will, he devised, first, to B. L. Benson, the son, a parcel of land designated as then in the occupation of one George Williams, "to do and dispose of as he may think proper;" also, the homestead, where he then lived, situate on Harlem river; and, second, declared his will and intention to be that his son (B. L. B.) should give unto his grandchildren. after.the decease of his wife, the sum of $1.500; and, third, gave the income of the legacies, and of his estate. real and personal, unto his wife, Maria, during her widowhood, "to do and

1 [Affirmed in 2 Black (67 U. S.) 408.]

dispose of as she may think proper." B. L. Benson, the son, died the 4th of October, 1852. This suit is brought by Mrs. King, one of the grandchildren, on the ground that the son (B. L. B.) took only a life estate in the homestead. The defendant claims under a title in fee derived from the son.

The principal question in the case is, whether or not the son (B. L. B.) took an estate in fee in the homestead by reason of the charge upon him personally to pay the legacies of the grandchildren. There is one feature in the case which is not found in any of the cases referred to on the argument, nor in any that have come under my own researches, and which, it is claimed on behalf of the plaintiff, distinguishes it from those in which it has been held that the devisee took an estate in fee by implication, on account of the personal charge imposed by the will; and, also, from the principle upon which these cases are founded. That principle is, where an estate is devised generally, or without words of limitation, and which according to their legal import would not carry a fee to the devisee. If personally charged with debts or legacies, &c., in respect to the estate the devisee will take a fee by implication, otherwise he might be a loser instead of a gainer by the devise, which would be against the presumed intent of the testator.

The argument on the part of the plaintiff is, that one of the parcels of land devised to the son in respect to which the charge was imposed is, upon the words of the will, in fee; and hence there is no necessity of creating a fee by construction or implication in the other parcel, in order to save the devisee from loss. As we have said, no case has been found in this class of cases in the books, and they are numerous, containing this peculiar feature; and the argument founded upon it to distinguish the case from the application of the general principle is certainly deserving of great weight. But, after the best consideration we have . been able to give to the case, we have come to the conclusion, not without some hesitation, that this new feature should not have the effect to rebut the implication of a fee derivable from the charge of the legacies to the grandchildren or to distinguish it from the general principle upon which the implication is founded. We agree, if the position of the learned counsel for the plaintiff can be maintained,—namely, that the court must be able to see, in other words, it must be certain upon the face of the will, that the devisee will suffer loss should the life estate determine immediately· after satisfying or assuming the charge before a fee can be raised by implication,—the case is ·with the plaintiff. For as one of the parcels is devised in fee, it is apparent that a loss cannot be certainly predicated upon the termination of the life estate in the other. And hence, upon the above position, no implica-

tion of a fee in the homestead could arise in the case. But, we are not satisfied that this is the true statement of the principle of this class of cases. On the contrary, we are of opinion, if it appears upon the face of the will that the devisee may be subject to a loss by reason of the charge, unless a fee passes, in other words, the possibility of a loss by the termination of the life interest after the payment or obligation to pay the charge, raises the implication of a fee. And, assuming this to be the true statement of the principle, then it is apparent from the will, that unless the son (B. L. B.) took a fee in the homestead, the personal liability to pay the legacies might subject him to a loss, as, for aught that appears, the other parcel might not be of sufficient value to satisfy the charge. There would, therefore, be the possibility of a loss, notwithstanding the gift of the fee in this parcel.

In answer to this view, it was proposed to prove that the Williams lot, at the time of the making of the will, and also of the testator's death, was worth $5,000, which proof was rejected; and this raises the question as to its admissibility. In the ordinary case of a devise of an estate, generally, and without limitation, and a charge in gross imposed personally upon the devisee in respect to it, the possibility of a loss is obvious, unless a fee passes, and this, however small the sum charged compared with the value of the land. For the estate might be determined by his death before he could have realized the amount of the charge. And no proof on the subject dehors the will could change the character of the devise, or show that the possibility of a loss was unfounded. The inference of possible loss is inevitable from the two facts,—life estate in the devisee, and a gross sum charged upon him personally in respect to it. Hence, few, if any, cases can be found in the books in which proof was received to influence the judgment of the court upon the question. We have found none, and think the proof properly rejected upon general principles governing the construction of wills. There are cases to be found in the books where the value of the estate per annum is given in the statement, but in which it was wholly immaterial as respects the principle involved, and in most of the cases so regarded by the court. Vin. Abr. tit. "Devise," pls. 26, 21, 18, 11; Collier's Case, 6 Rep. [Coke] 16a. It is to be observed, also, that in England, when speaking of the yearly value of an estate, or its value in gross, there is a degree of certainty on the subject unknown in respect to the value of estates in this country. Leases for lives, or for a long term of years, or in perpetuity, for a given rent, determine the value, instead of referring the question to a jury to settle, where the value fluctuates with the differing opinions of the tribunal. If there was a fixed determinate value in the present case of the Williams lot, as in the English cases referred to, we are inclined to think the fact would be received to rebut the inference of a possibility of loss. The proof would be in the nature of record evidence of the value.

There is another view of this will worthy of notice. A life estate in the two parcels of land is devised to the widow, subject to a determination in the event of marriage. The estate, however, is regarded as one for life. The devise, therefore, of the homestead to the son was that of a remainder on carving out this life estate. A fee will pass under a will by implication, in case of a devise over of land after the death of the wife. The law presumes the intention to be that the widow shall be tenant for life, and the remainder man takes the rest of the estate. This principle is applicable to the present case. The construction insisted upon by the plaintiff would give to the son the homestead for life only, after a life estate in it had been limited to the widow. In reading the whole will it is difficult to come to the conclusion that this was the intent of the testator. Judgment for the defendant.

[NOTE. The plaintiff then took a writ of error to the supreme court, where the judgment was affirmed in an opinion by Mr. Justice Grier, who said that, where the devisee is charged with the payment of a sum of money, the law gives him a fee, and the mere fact that the words "to do and dispose of as he may think proper" were omitted from one of the devises will not reduce it. The son could not repudiate his obligation to pay the legacies by refusing to accept the gift of the Williams farm while he retained that of the homestead. To conclude from this omission that the testator did not intend to give a fee in both would be mere conjecture, and that with no sufficient reason to support it. A court may look beyond the face of the bill where there is an ambiguity as to the person or property to which it is applicable, but no case can be found where such testimony has been introduced to enlarge or diminish the estate devised. 2 Black (67 U. S.) 408.]